17150. BURDEN, SMITH & COMPANY *v.* McMILLAN.

1. Ordinarily, the only duty owing to a trespasser is not to wantonly or wilfully injure him, but a failure to exercise ordinary care to prevent an injury to a trespasser after his peril has become apparent may amount to wantonness. *Tice* v. *Central Ry. Co.*, 25 *Ga. App.* 346 (103 S. E. 262); *Central Ga. Power Co.* v. *Walker*, 20 *Ga. App.* 645 (93 S. E. 306).

2. Under the view taken of the evidence in this case, it is unnecessary to determine whether the status of the plaintiff, at the time of the injury, was that of a passenger, an invitee, licensee, or a trespasser, since, even were it to be adjudicated that under the undisputed evidence he occupied the status of a trespasser, the jury were authorized, though not compelled, to find, under the evidence, that the defendant failed to exercise ordinary and reasonable care for his protection after his peril became apparent, as specifically charged by the petition.

DECIDED JULY 20, 1926.

Damages; from Bibb superior court—Judge Malcolm D. Jones. January 15, 1926.

*Brock, Sparks & Russell, Jones, Park & Johnston,* for plaintiff in error.

*C. L. Shepard, T. S. Felder,* contra.

JENKINS, P. J. The plaintiff, a child between three and four years of age, suing by his next friend, recovered damages in the sum of $7,500, on account of permanent injuries received while riding upon the elevator of the defendant company, which operated a department store in the City of Macon. The defendant moved

---

Negligence, 29 Cyc. p. 442, n. 94; p. 621, n. 92.

for a new trial upon the general grounds only; and upon its motion being overruled it brings error. The allegations of negligence set forth in count one of the petition as amended, which was the count on which the recovery was had, charged negligence against the defendant in the following particulars: That the elevator operated by the defendant, and on which the plaintiff received his injuries, was without a door to the cage; that there was left between the cage and the elevator shaft a space sufficient for the plaintiff to become wedged within; that the elevator at the time of the injury was operated by a boy of insufficient judgment and experience; that upon the plaintiff becoming fastened between the cage and the shaft, the operator in charge of the elevator failed to promptly stop the elevator, as he could and should have done, in order to avoid the injury. It was alleged by this count of the petition that the space between the cage and the shaft narrowed as it reached the second floor, by reason of which fact the plaintiff, while wedged between the cage and the elevator, became seriously crushed and injured upon being dragged by the elevator against the protruding portion of the shaft.

It appears from the record that the mother and the father of the plaintiff had driven to Macon on the day of the injury, bringing the plaintiff and two other children with them; that the youngest child was left in the automobile with a nurse, while the mother took the plaintiff and his fourteen-year-old brother to the defendant's department store, the mother and the two children riding from the first to the second floor of the building on the elevator. After the mother had done some shopping on the second floor, she came back to the first floor by the elevator, bringing the two children with her. She then went to the shoe department on the first floor of the building and remained there about ten or twenty minutes. Meanwhile, she testified, she had left the plaintiff on the elevator with the permission of the elevator boy, the older boy going with the mother to the shoe department. The mother, upon leaving the store, in reply to a request from the older boy, gave him permission to go with the plaintiff to ride one more time upon the elevator. The mother then left the building, while the older boy went with the plaintiff to the elevator, where, in the meantime, a new and different operator had taken charge. After en-

tering the elevator, the plaintiff became caught between the cage and the shaft, and was badly injured as above set forth.

The defendant contends that the status of the plaintiff at the time of the injury was that of a trespasser, or at most a bare licensee. The plaintiff contends that upon being received by the operator in sole and exclusive charge of the elevator, while engaged in the particular duties of his employment, the plaintiff took the status of a passenger, or at least that of an invitee. The plaintiff further contended, however, that in any event the verdict found by the jury was authorized under the principle of law set forth in the first division of the syllabus. The jury were authorized to find from the evidence that the elevator could have been stopped within a space of from twelve to twenty-four inches, and in fact that it was not stopped until it had traveled about eight feet upward after the plaintiff became fastened between the cage and the shaft, and his peril had become apparent to the operator. *Judgment affirmed. Stephens and Bell, JJ., concur.*